EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:                                                    | 2020 TSPR 155     |
|-----------------------------------------------------------|-------------------|
| Enmiendas a la Reglas 41,61 y 62 del Reglamento Notarial  | 205 DPR _____     |

Número del Caso: ER-2020-07

Fecha: 14 de diciembre de 2020

Materia: Resolución del Tribunal.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

Enmiendas a las Reglas 41,61
y 62 del Reglamento Notarial          ER-2020-07


RESOLUCIÓN

En San Juan, Puerto Rico, a 14 de diciembre de 2020.

El Artículo 38 de la Ley Notarial de Puerto Rico, 4 LPRA sec. 2056, requiere que los documentos otorgados fuera de Puerto Rico sean protocolizados para que adquieran eficacia de instrumento público en esta jurisdicción. En concordancia, la Regla 41 del Reglamento Notarial, 4 LPRA Ap. XXIV, dispone los requisitos específicos para la protocolización de los documentos que se otorguen fuera de Puerto Rico. Tras considerar una propuesta suscrita de forma conjunta por la Oficina de Inspección de Notarías (ODIN), el Secretariado de la Conferencia Judicial y Notarial (Secretariado) y la Comisión para el Estudio y Evaluación de la Función Notarial en Puerto Rico (Comisión Notarial), adscrita al Secretariado, resolvemos que el texto vigente de esta Regla amerita precisión.

Como condición previa a la protocolización, la Regla 41 (A), supra, requiere que los documentos otorgados fuera de Puerto Rico estén legalizados por autoridad competente. La circunstancia particular regulada en el subinciso (A)(1) de esta Regla, impone sobre el notario que realizará la protocolización el deber de presentar evidencia de la autoridad del funcionario o notario cuya firma aparece en el documento notarial otorgado fuera de Puerto Rico. Además, expresa que este criterio se satisface con una

certificación emitida por la autoridad competente que realice la legalización, en la cual se acredite que el funcionario o notario público (*notary public*) cuenta con autorización para actuar como tal. Sin embargo, el texto de esta Regla no precisa qué tipo de evidencia constituye un documento suficiente y equivalente a la certificación emitida por autoridad competente cuando esta última no pueda obtenerse.

Conforme plantearon la ODIN, el Secretariado y la Comisión Notarial, ciertas jurisdicciones de Estados Unidos han optado por implementar distintos procedimientos en torno a la legalización y, en consecuencia, han cesado la práctica de emitir las certificaciones sobre la autoridad del funcionario o notario público (*notary public*). Ante ello, el notariado puertorriqueño viene obligado a satisfacer el requerimiento de la Regla 41 (A)(1) mediante la obtención de otro tipo de evidencia que acredite la autoridad del funcionario o notario público (*notary public*) que legitimó el documento otorgado fuera de Puerto Rico.

Dada esta situación, se reformula la Regla 41 del Reglamento Notarial, supra, con el propósito de aclarar el requisito procesal allí dispuesto a tono con el ordenamiento estatutario que regula el ejercicio de la notaría en Puerto Rico. Así las cosas, se enmienda esta Regla 41 para que disponga lo siguiente:

**Regla 41. Requisitos para la protocolización de documentos otorgados fuera de Puerto Rico**

Los documentos notariales otorgados fuera de Puerto Rico deberán ser protocolizados para que tengan eficacia de instrumento público en esta jurisdicción. Tales documentos deberán estar legitimados por notario o funcionario autorizado para desempeñar esta tarea en la jurisdicción de origen como condición para ser protocolizados en Puerto Rico.

(A) *Documentos que deberán ser legalizados.—* Los documentos legitimados por notario o funcionario autorizado distinto a aquellos de que trata el inciso (B) de esta regla deberán ser legalizados en conformidad con los requisitos siguientes:

(1) Si provienen de los estados, territorios y posesiones de Estados Unidos de América, será necesario corroborar la autoridad del funcionario o notario público (*notary public*) que legitimó las firmas de las personas comparecientes que aparecen estampadas

en el documento. A esos fines, el
notario que autorizará el acta de
protocolización deberá presentar
evidencia de la autoridad del
funcionario o notario público (*notary
public*) ante quien fueron otorgados.
Constituirá evidencia suficiente para
propósitos de este inciso, la
certificación expedida por autoridad
competente con facultad para realizar la
legalización, de la cual surja que el
funcionario o notario público (*notary
public*) está autorizado para actuar como
tal. También será válido cualquier otro
documento fidedigno procedente de un
medio informativo reconocido por la
fiabilidad de sus datos para confirmar
la autoridad del funcionario o notario
público (*notary public*) en el estado,
territorio o posesión de Estados Unidos
o a nivel nacional;

.     .     .     .     .     .     .     .

Comentarios.

La protocolización de documentos notariales
otorgados fuera de Puerto Rico es una
actividad que requiere gran diligencia y
análisis por parte del notario debido a la
falta de uniformidad en los procedimientos
de legalización o de corroboración de la
autoridad del funcionario o notario público
(*notary public*).

El notario que protocolice un documento
otorgado fuera de Puerto Rico debe tener
presente que esta protocolización no subsana
las deficiencias sustantivas del documento.
Sin embargo, puede protocolizarlo siempre
que cumpla con los requisitos de forma.

El propósito de esta regla es establecer
cuáles documentos pueden ser protocolizados
y los requisitos generales aplicables según
su procedencia. Véase J.P. Sinnott, A
Practical Guide to Document Authentication:
Legalization of Notarized and Certified
Documents, Nueva York, Ed. Oceana
Publications, 1988.

La legitimación a la que se refiere el
primer párrafo de esta regla significa que

las firmas de las personas comparecientes que aparecen en el documento que se otorgó fuera de Puerto Rico fueron puestas ante funcionario o notario público (*notary public*) con autoridad para ello.

La legalización significa que la autoridad competente certifica que, al momento de la legitimación, el funcionario o notario público (*notary public*) que realizó la legitimación estaba en funciones y autorizado para ello. Cuando el documento provenga de los estados, territorios y posesiones de Estados Unidos de América, también se podrá evidenciar la autoridad del funcionario o notario público (*notary public*) mediante documento fidedigno.

Conforme se dispone, para propósitos de esta regla, se considerará documento fidedigno cualquier otro documento procedente de un medio informativo reconocido por la fiabilidad de sus datos para confirmar la autoridad del funcionario o notario público (*notary public*) en el estado, territorio o posesión de Estados Unidos o a nivel nacional. El notario, como garante de la fe pública delegada por el Estado, debe asegurarse de que tenga ante sí un documento auténtico.

Con el propósito de confirmar la autoridad del funcionario o notario público (*notary public*) que legitimó el documento otorgado en los estados, territorios o posesiones de Estados Unidos de América, el notario anejará al acta de protocolización la certificación emitida por autoridad competente o el documento fidedigno, según proceda. Cuando se utilice el documento fidedigno como mecanismo de corroboración, el notario deberá identificar y consignar en el acta de protocolización todos los documentos necesarios que, conforme a su juicio profesional, cuenten con las garantías suficientes para acreditar la autoridad del funcionario o notario público (*notary public*) que legitimó el documento otorgado fuera de Puerto Rico.

En aras de atemperar las Reglas 61 y 62 del Reglamento Notarial, 4 LPRA Ap. XXIV, con las disposiciones de la nueva Regla 41 de ese cuerpo normativo, se enmiendan como se indica a continuación:

**Regla 61. Notificación sobre otorgamiento de poderes**

.     .     .     .     .     .     .     .     .

(d) Cuando la notificación trate sobre la protocolización de un poder, ésta deberá incluir, además, cuando sea aplicable, la información siguiente:

(1) Fecha y lugar de su otorgamiento,

(2) nombre del funcionario o notario que legitimó la firma en el documento,

(3) descripción de la certificación emitida por autoridad competente o del documento fidedigno que acredita la autoridad del funcionario o notario que intervino, en conformidad con la Regla 41 de este reglamento.

**Regla 62. Notificación sobre otorgamiento de testamento**

.     .     .     .     .     .     .     .     .

(c) Cuando la notificación trate sobre la protocolización de un testamento otorgado fuera de Puerto Rico deberá incluir, además, cuando sea aplicable, la información siguiente:

(1) Fecha y lugar de su otorgamiento,

(2) nombre del funcionario o notario que legitimó la firma en el documento,

(3) descripción de la certificación emitida por autoridad competente o del documento fidedigno que acredita la autoridad del funcionario o notario que intervino, en conformidad con la Regla 41 de este reglamento.

.     .     .     .     .     .     .     .     .

Estas enmiendas entrarán en vigor inmediatamente.

Se faculta al Director de la ODIN para que provea en las *Instrucciones Generales a los Notarios y las Notarias* las recomendaciones o los ejemplos, de medios que son reconocidos para confirmar la autoridad del funcionario o

notario público (*notary public*) en el estado, territorio o posesión de Estados Unidos o a nivel nacional, conforme a la Regla 41, <u>supra</u>, aquí enmendada. De igual forma, se le instruye para que adapte y publique las instrucciones, así como los formularios que deban atemperarse a las Reglas aquí enmendadas. Contará con el apoyo de la Oficina de Prensa de la Oficina de Administración de los Tribunales para la divulgación en el Portal de la Rama Judicial.

Notifíquese por correo electrónico al Director Administrativo de los Tribunales, al Director de la Oficina de Inspección de Notarías, a la Directora del Secretariado de la Conferencia Judicial y Notarial, y al Director de la Oficina de Prensa de la Oficina de Administración de los Tribunales.

Publíquese.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.


                           José Ignacio Campos Pérez
                           Secretario del Tribunal Supremo